In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00386-CR
____________

CARLO AGUIRRE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 879108



 
MEMORANDUM OPINION
          A jury found appellant guilty of possession with intent to deliver between four
and 200 grams of cocaine, and the trial court sentenced him to 25 years’ confinement. 
We affirm. 
 
Background
          Officer Dale Crawford was conducting an undercover investigation of a drug-dealing suspect named John Mata. The officer observed appellant enter Mata’s
garage. Then Mata and appellant left in a van. Because an outstanding warrant
existed for Mata’s arrest, Officer Eric Nevle was stationed in a patrol car near Mata’s
house. As Officer Nevle attempted to pull Mata over, appellant exited the van and
ran from the officer. Officer Nevle observed appellant carrying a white object in his
hand. Officer Nevle chased appellant and successfully apprehended him. As Officer
Nevle grabbed appellant, he saw appellant throw the white object to the ground. The
officer recovered the white object, which was later found to contain 39 grams of
cocaine. At the time of the arrest, the officer also found marihuana in appellant’s
pants pocket. 
          In four points of error, appellant contends that (1) the evidence is legally and
factually insufficient, (2) the trial court improperly admitted evidence about the
marihuana possession, and (3) appellant received ineffective assistance of counsel.
Sufficiency of the Evidence
          In his first and second points of error, appellant contends that the evidence is
legally and factually insufficient to support his conviction. 
          In evaluating legal and factual sufficiency, we follow the usual standards of
review. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (legal
sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual
sufficiency).
          To establish unlawful possession of a controlled substance, the State must
show that (1) a defendant exercised care, custody, control, or management over the
controlled substance, and (2) that he knew he possessed a controlled substance. Tex.
Health & Safety Code §§ 481.002(38), 481.115 (Vernon Supp. 2003); Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In this case, Officer Nevle
testified that he observed appellant carrying a white object, which was found to be
cocaine, and watched as appellant threw it to the ground. Officer Nevle also testified
that the cocaine could not have come from anyone else. Viewing the evidence in the
light most favorable to the verdict, we hold that the evidence is legally sufficient to
show that appellant knowingly and intentionally possessed the cocaine.
          We overrule the first point of error. 
          Finding the evidence legally sufficient, we proceed to appellant’s second point
of error, his factual sufficiency claim. In addition to the evidence that we considered
under the legal sufficiency point of error, we now consider the rest of the evidence. 
          Friends and family testified for appellant. These witnesses stated that they did
not see appellant throw anything to the ground, nor did they see Officer Nevle pick
anything up. Mata admitted that he possessed cocaine and had no knowledge about
whether appellant possessed cocaine at any time. 
          The jury, as the trier of fact, is the sole judge of the credibility of the witnesses
and of the strength of the evidence. Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999). The jury was free to disbelieve appellant’s witnesses and believe
the officers. See Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). Thus,
we hold that the evidence is factually sufficient.
          We overrule the second point of error. 
Evidence of Marihuana Possession
          In his third point of error, appellant contends that the trial court erred when it
denied his motion to suppress evidence of his possession of marihuana at the time of
the arrest. We interpret this point of error to refer to the admission at trial of evidence
of his marihuana possession. 
          Appellant was charged with possession with intent to deliver cocaine. He was
not charged with possession of marihuana. He argues that any evidence about the
marihuana was inadmissible because it was an extraneous drug offense, and therefore,
was highly prejudicial.
          Generally, evidence of other crimes, wrongs or acts is not admissible to prove
the character of a person in order to show that the person acted in conformity
therewith. Tex. R. Evid. 404(b). However, extraneous offense evidence is
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake. Id. 
          The trial court verbally instructed the jury as follows: 
Members of the jury, any testimony regarding the defendant being in
possession of any other controlled substance other than the controlled
substance alleged in the indictment in this case, which is specifically
cocaine, may not be considered by you as any evidence of guilt in this
case. You can consider, if you first believe beyond a reasonable doubt
the defendant is guilty of possessing another controlled substance, and
then and only if you believe beyond a reasonable doubt he is guilty of
possessing a controlled substance, you can only consider that evidence
for the purpose of it aiding you, if it does aid you, in deciding whether
or not in this case, with respect to this charge, it supports evidence of
defendant’s intent, knowledge, motive, mistake, lack of mistake, in the
commission of this case, all right? 
          Additionally, the trial court included a similar limiting instruction in the jury
charge. These limiting instructions remedied any prejudicial effect that appellant’s
marihuana possession might have had on the jury. See Robinson v. State, 701 S.W.2d
895, 899 (Tex. Crim. App. 1985). We generally presume that the jury follows the
trial court’s instructions. See Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim.
App. 1998). We hold that the trial court did not abuse its discretion in admitting the
evidence.
          We overrule the third point of error. 
Ineffective Assistance of Counsel
          In his fourth point of error, appellant contends that his trial counsel was
ineffective because counsel did not timely object to an alleged defect in the
enhancement paragraph of the indictment. 
          To prevail on an ineffective assistance claim, the defendant must prove (1) his
counsel’s representation fell below an objective standard of reasonableness, and (2)
the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984).
              Appellant’s brief does not state why his counsel should have objected. There
was no motion for new trial, and no indication in the record that counsel was
ineffective. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). To find that counsel was ineffective based on these circumstances
would call for speculation, which we will not do. Id.
          We overrule the fourth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice


Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).